IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| VERONIQUE M. LAFONT, | Case No. 3:16-cv-02072-SB |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| FEDERAL EXPRESS CORPORATION, dba FedEx, a Delaware corporation, | |
| Defendant. | |

**BECKERMAN, Magistrate Judge.**

Plaintiff Veronique LaFont ("LaFont") moves for leave to amend her complaint pursuant to Federal Rule of Civil Procedure 15. Defendant Federal Express Corporation ("FedEx") opposes the motion on the grounds of undue delay and futility. For the reasons that follow, the district judge should grant in part LaFont's Motion for Leave to Amend (ECF No. 15), and deny FedEx's Motion to Supplement the Record (ECF No. 20).

## BACKGROUND

LaFont filed this suit against FedEx on October 27, 2016, asserting claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2 ("Title VII"), arising from FedEx's alleged failure to address "a continuous hostile work environment." (Compl. ¶ 8.)

PAGE 1 – FINDINGS AND RECOMMENDATION

LaFont's co-worker allegedly exhibited hostile workplace behavior toward LaFont because of LaFont's French national origin. (Compl. ¶¶ 7-8.) On January 13, 2017, FedEx filed an Answer to LaFont's Complaint. (ECF No. 5.)

On March 15, 2017, LaFont filed a Motion for Leave to Amend, seeking to amend her complaint to allege breach of contract claims instead of Title VII claims. FedEx opposes LaFont's motion on the grounds that: (1) an amended complaint would produce undue delay, and (2) the contract claims are futile. (Def.'s Opp'n at 2.)

## PRELIMINARY MATTER

LaFont moves to strike FedEx Exhibits 1 through 6, attached to FedEx's Opposition to Plaintiff's Motion to Amend: Plaintiff's Employment Agreement (Exhibit 1), FedEx's Security Policy (Exhibit 2), FedEx's Acceptable Conduct Policy (Exhibit 3), FedEx's People Manual (Exhibit 4), Plaintiff's Acknowledgement Form (regarding receipt of FedEx's Employee Handbook) (Exhibit 5), and FedEx's Employee Handbook (Exhibit 6). (ECF No. 16.) After oral argument, FedEx filed a Motion to Supplement the Record (ECF No. 20), asking the Court to consider LaFont's signatures on her Bureau of Labor and Industries complaint, and on her employment agreement and other employment forms. The Court recommends that the district judge strike FedEx's exhibits and deny its motion to supplement the record with additional exhibits.

The "proper test to be applied when determining the sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).'" *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citation omitted); *see also Fulton v. Advantage Sales & Mktg., LLC*, No. 3:11-cv-01050-MO, 2012 WL 5182805, at *3 (D. Or. Oct. 18, 2012) ("The Ninth Circuit recently noted the test for futility is whether the amendment can survive a motion to dismiss under Rule 12(b)(6).").

PAGE 2 – FINDINGS AND RECOMMENDATION

"Generally, a court may not consider material beyond the complaint in ruling on a Fed. R. Civ. P. 12(b)(6) motion." *Intri-plex Tech., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (citing *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)). However, "a court may consider material that a plaintiff properly submitted as part of the complaint or, even if not physically attached to the complaint, material necessarily relied upon in the complaint if the authenticity of that material is not challenged." *Malcomson v. Daimler N. Am. Corp.*, 3:15-CV-02407-SB, 2016 WL 5867056, at *2 (D. Or. Oct. 5, 2016) (citing *Lee*, 250 F.3d at 688).

Of the six exhibits FedEx submitted, only one document is referenced in the proposed amended complaint: Plaintiff's employment agreement. (*See* Am. Compl. ¶ 20 ("The promises and representations in the Workplace Violence Prevention Program became part of plaintiff's contract of employment with defendant.").) However, Plaintiff disputes the authenticity of the employment agreement submitted by FedEx, and asserts that she never signed that employment agreement. (Pl.'s Reply at 2-4; Pl.'s Supp. Resp. at 1-3; Decl. of Veronique M. LaFont at 1-9.) As such, it is premature at this stage of the litigation for the Court to consider any of the documentary evidence FedEx submitted, and the Court recommends that the district judge sustain Plaintiff's objection to Exhibits 1 through 6. For the same reasons, the Court recommends that the district judge deny Defendant's Motion to Supplement the Record. (ECF No. 20.)

## ANALYSIS

### I. STANDARD OF REVIEW

After a brief period in which a party may amend as of right, "a party may amend its pleadings . . . [only with] the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a). "The propriety of a motion for leave to amend is generally determined by reference to several factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Hurn v. Ret. Fund Tr. of Plumbing,*

PAGE 3 – FINDINGS AND RECOMMENDATION

*Heating & Piping Indus.*, 648 F.2d 1252, 1254 (9th Cir. 1981) (citation omitted). Courts apply Federal Rule of Civil Procedure 15 with "extreme liberality." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, leave to amend should not be granted automatically. *Id.*

## II. DISCUSSION

FedEx opposes LaFont's proposed amendments on the grounds of undue delay and futility.

### A. Undue Delay

FedEx first asks the Court to deny LaFont's motion to amend on the ground of undue delay, because LaFont alleges no new facts that were unknown at the time she filed her original complaint. *See Jackson*, 902 F.2d at 1388 ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."); *but see Hurn*, 648 F.2d at 1254 (noting that "[d]elay alone does not provide sufficient grounds for denying leave to amend" in the absence of prejudice to the opposing party).

LaFont filed her original complaint on October 27, 2016 (ECF No. 1), and FedEx answered on January 13, 2017 (ECF No. 5). At a Rule 16 conference on February 28, 2017, the Court set a March 14, 2017 deadline for Plaintiff to file a motion for leave to file an amended complaint. On March 14, 2017, Plaintiff requested an unopposed one-day extension to file her motion (ECF No. 12), which this Court approved. Plaintiff timely filed her motion for leave to amend one day later, on March 15, 2017. (ECF No. 15.)

Although the facts asserted in LaFont's proposed amended complaint are not materially different than those she asserted in her original complaint, she asserts new legal theories, and this is her first request to amend the complaint. Furthermore, FedEx has not demonstrated any

PAGE 4 – FINDINGS AND RECOMMENDATION

prejudice resulting from the delay. For these reasons, the Court finds that undue delay is not present here. *See Lujan v. Gruenwald*, No. 2:14-cv-01640-MO, 2015 WL 5023070, at *1 (D. Or. Aug. 24, 2015) (granting plaintiff leave to amend ten months after he filed original complaint).

      **B.**      **Futility**

FedEx also asks the Court to deny LaFont's motion because her proposed amendments are futile.[1]

As discussed above, an amendment to a complaint is futile if it cannot survive a motion to dismiss. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

LaFont alleges two breach of contract claims in her proposed amended complaint: breach of an express contract, and breach of an implied-in-fact contract. The core issue relating to futility here is whether the brochure describing the Workplace Violence Prevention Program that FedEx provided to LaFont formed a contract between FedEx and LaFont under Oregon law. LaFont argues that by providing her with the policy statements set forth in the brochure, FedEx promised or represented that, among other things, if an employee complains about potential workplace violence, FedEx will investigate the complaint thoroughly and monitor the situation.

---

[1] In light of the fact that the Court may not consider the exhibits FedEx submitted, it does not reach FedEx's argument that it disclaimed any contract formation in its Employee Handbook, People Manual, and other policies, or FedEx's argument that LaFont's contract claims are barred by the limitations clause in her employment agreement.

PAGE 5 – FINDINGS AND RECOMMENDATION

LaFont alleges that she continued her employment in reliance on those promises, but that FedEx never investigated or responded to her complaints of workplace violence, which resulted in LaFont sustaining compensatory damages.

Under Oregon law, a unilateral employer policy statement may, in some circumstances, establish a binding employer obligation. *See Yartzoff v. The Democrat-Herald Pub. Co., Inc.*, 281 Or. 651, 656 (Or. 1978) (holding that when viewed in the light most favorable to the plaintiff, a jury could reasonably believe that the "statements in the [employee] handbook were intended and considered by both parties to be a part of plaintiff's original contract of employment" and that "[i]t follows that her continued employment after receiving the handbook provided sufficient consideration for any such modification of the original contract of employment"); *Fox v. Bear Creek Corp.*, 99 Or. App. 90, 92-93 (Or. Ct. App. 1989) (holding that issue of whether a personnel policy manual gave rise to an employment contract was a question for the jury); *see also McHorse v. Portland Gen. Elec.*, 268 Or. 323, 331 (Or. 1974) ("[I]f an employer offers a benefit to an at-will employee, the employee accepts the offer, thereby creating a unilateral contract, by commencing or continuing employment thereafter.").

Although LaFont's contract theory may appear to be a stretch at first blush, it does fit within the spirit of *Yartzoff* and its progeny.[2] Accepting all well-pleaded facts as true and

---

[2] While others courts have rejected the theory that a workplace violence prevention program creates an enforceable contract, they have done so for reasons not (yet) applicable here. *See, e.g., Bird v. West Valley City*, 832 F.3d 1188, 1209-11 (10th Cir. 2016) (holding that under Utah law, a contractual disclaimer in the city's employee handbook precluded the existence of an implied-in-fact contract based on the workplace violence policy in the handbook as well as an unwritten anti-retaliation policy); *Mendez v. Puerto Rican Int'l Cos., Inc.*, No. 05-174, 2013 WL 5529755, at *8 (D. V.I. Oct. 7, 2013) (granting summary judgment for employer on employee's breach of contract claim where the "[p]laintiffs have presented no evidence that they even *received* the [workplace violence and harassment] policies, a necessary threshold for establishing that the policies constituted a contract, express or implied") (emphasis in original); *Olson v. Ballantine*, No. 03-1121, 2004 WL 2578958, at *2 (Ia. Ct. App. Nov. 15, 2004) ("The district

viewing those facts in a light most favorable to LaFont, the Court concludes that LaFont has presented a plausible contract theory in her proposed amended complaint.

However, to establish a breach of contract claim, a plaintiff "must allege the existence of a contract, 'its relevant terms, plaintiff's full performance and lack of breach[,] and defendant's breach resulting in damages to plaintiff.'" *Slover v. Or. State Bd. Of Clinical Soc. Workers*, 144 Or. App. 565, 570-71 (Or. Ct. App. 1996) (citation omitted). The Court finds that LaFont has not sufficiently pleaded in the proposed amended complaint whether the Workplace Violence Prevention Program brochure formed a standalone contract, or whether it modified her existing employment contract with FedEx. On the one hand, LaFont alleges in support of her Breach of Express Contract claim that the Workplace Violence Prevention Program "became part of plaintiff's contract of employment with defendant." (Am. Compl. ¶ 20.) However, she pleads not that she performed the obligations required of her under her employment contract, but that she "performed all allegations required of her to be performed under the *Workplace Violence Prevention Program*" (Am. Compl. ¶ 27) (emphasis added), suggesting that the brochure created a new, standalone contract. Furthermore, she does not allege in support of her Breach of Implied Contract claim whether the Workplace Violence Prevention Program became part of her employment contract, or was a standalone contract, nor whether she performed the obligations required of her under the relevant contract. (Am. Compl. ¶¶ 40-43.) As such, LaFont has not sufficiently pleaded in her proposed amended complaint the terms of the relevant contract (i.e., the employment contract as modified by the Workplace Violence Prevention Program brochure,

---

court correctly determined, as a matter of law, that no contract was created" by employer's workplace violence policy, which was accompanied by an applicable disclaimer); *but see Cabaness v. Thomas*, 232 P.3d 486, 504 (Utah 2010) (holding that a limited disclaimer in employee handbook did not apply to the employer's anti-harassment policy and that the policy created an implied-in-fact contract between the employee and employer under Utah law).

PAGE 7 – FINDINGS AND RECOMMENDATION

or the Workplace Violence Prevention Program brochure standing alone), or whether she performed her duties under the relevant contract, which are necessary elements of her breach of contract claims. *See Holmes v. Thunder Valley Casino Resort*, No. 2:16-cv-00092-TLN-KJN-PS, 2016 WL 1614772, at *2 (E.D. Cal. Apr. 22, 2016) (dismissing with leave to amend plaintiff's breach of contract claim based on employer's workplace violence policy where "it is unclear whether the alleged contract is independent from or a subset of the general employment contract between plaintiff and her employer" and "[a]ccordingly, it cannot be reasonably inferred from the complaint's allegations that plaintiff performed her part of the contract by carrying out her duties as an employee").

In addition, if LaFont opts for the theory that the Workplace Violence Prevention Program brochure became part of her FedEx employment agreement, she must plead the material terms of that employment agreement, or attach it to her amended complaint, so that the Court may determine if she sufficiently pleaded her performance under the contract. *See Arnett v. Bank of America*, 874 F. Supp. 2d 1021, 1030-31 (D. Or. 2012) ("To determine whether [the plaintiff's] allegations state a claim for breach, the court must first interpret the contract.").[3]

For the reasons stated, the Court recommends that the district judge allow LaFont to amend her complaint to replace her statutory claims with contract claims, subject to correcting the pleading deficiencies discussed herein.

---

[3] If LaFont is referring to the same employment agreement that FedEx asked the Court to consider, LaFont's contract theory may also determine whether the contractual six-month limitation period is relevant here. (*See* Pl.'s Reply at 17 ("If the applicant does not assert a claim within six months, the provision does not render the claim void, barred, extinguished or waived. It would merely be a breach of the agreement, which may or may not be subject to ordinary contractual remedies.").)

PAGE 8 – FINDINGS AND RECOMMENDATION

## CONCLUSION

For the reasons stated, the Court recommends that the district judge GRANT in part Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 15), and deny FedEx's Motion to Supplement the Record (ECF 20).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 22nd day of September, 2017.

STACIE F. BECKERMAN
United States Magistrate Judge